# STATE OF MICHIGAN

# COURT OF APPEALS

JOEL BACOW, a/k/a JOEL MARTIN,

Plaintiff-Appellant,

v

MASTER BEAT, INC., WALTER
PALAMARCHUK, and MICHAEL SKILL,

Defendants/Third-Party Plaintiffs-
Appellees,

and

GEORGE CANLER,

Third-Party Defendant.

UNPUBLISHED
October 29, 2015

No. 320323
Oakland Circuit Court
LC No. 2013-131636-CZ

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

GLEICHER, J. (*concurring*).

I fully concur with the majority opinion, but write separately to expand on the majority's analysis. My colleagues correctly reject that *Dupree v Malpractice Research, Inc*, 179 Mich App 254; 445 NW2d 498 (1989), pertains to this case and appropriately limit *Dupree* to its facts. It bears emphasis that in *Dupree*, this Court rested its decision on three distinct expressions of public policy: MCL 600.2164(1), MCR 8.121, and Michigan Rule of Professional Conduct (MRPC) 5.4(a). None of those public policy provisions applies, even remotely, to this case.

Because the underlying action in *Dupree* sounded in medical malpractice, MCR 8.121 regulated the contingency fee contract between the involved attorneys and their client. That court rule embodies our state's public policy regarding fee arrangements in actions "for personal injury or wrongful death[.]" Attorney fees in such cases are limited and highly regulated to prevent abuse. The *Dupree* Court determined that enforcement of the contract between the plaintiffs' attorneys and the Medical Quality Foundation presented a risk that the plaintiffs would "net less than half of their gross recovery." *Dupree*, 179 Mich App at 264. This concern contributed to the Court's decision to find that the contract contravened public policy.

-1-

This is a breach-of-contract action. None of the parties to the consulting agreement at issue are attorneys. Moreover, contingency fee contracts in breach-of-contract or debt collection actions are perfectly legal and, in Michigan, limited only by the Rules of Professional Conduct. Outside the realm of personal injury litigation, contracting parties (even attorneys) may elect to structure a contract's consideration as they see fit. Contingency fee contracts are particularly common in the debt collection arena, where no regulations cap the allowable percentage fee.

Nor does MRPC 5.4(a) play any role here. That rule generally prohibits an attorney from sharing a legal fee with a nonlawyer. Plaintiff Joel Martin is a layperson, as are defendants. While the Rules of Professional Conduct allow courts to invalidate unethical fee contracts entered into by attorneys, see *Evans & Luptak, PLC v Lizza*, 251 Mich App 187; 650 NW2d 364 (2002), the rules do not prohibit private parties from deciding how they will share the proceeds of a breach-of-contract or collection action.

MCL 600.2164(1) barely verges on pertinence. That statute provides that "[n]o expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law," unless permitted by the court. The contract at issue authorizes Martin to "select[] attorneys, accountants, experts and other persons with respect to the lawsuit[.]" Nothing in the consulting contract speaks to the *payment* of the experts.

Defendants hired Martin to act as their agent in locating suitable counsel and witnesses and to serve as defendants' "liason" with the legal world. The percentage-based consideration described in the consulting agreement permitted defendants to avoid doing the legwork necessary to pursue legal action, while incentivizing Martin to find individuals and entities illegally profiting from defendants' songs and to arrange for their civil prosecution. Martin employed his skills and experience on defendants' behalf in exchange for compensation based on a percentage of any proceeds he helped amass. None of the contract's signers are lawyers. Their payment arrangements are their business, not that of the courts.

/s/ Elizabeth L. Gleicher